## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

ROY T. O'BRYANT, III;
DAX M. PITALO;
SCOTT J. WALKER; AND
RRS VENTURES, LLC                                              **PLAINTIFFS**

**VERSUS**                                      **CAUSE NO.: A2401-11-129**

CHRISTOPHER R. LOEPKE,
INDIVIDUALLY AND AS AN AGENT OF
APOLLO AVIATION COMPANY, INC.;
APOLLO AVIATION COMPANY, INC.; AND
JOHN AND JANE DOES A; B; C; D; E; F; AND G          **DEFENDANTS**

### FIRST AMENDED COMPLAINT
### (JURY TRIAL REQUESTED)

COME NOW THE PLAINTIFFS, by and through undersigned counsel, and file their

Civil Complaint against Defendants Christopher R. Loepke, Individually, and as an agent of

Apollo Aviation Company, Inc.; Apollo Aviation Company, Inc.,; and John and Jane Does A-G,

and in support of their cause of action would show the Court the following, to-wit:

### PARTIES

1. Plaintiff Roy T. O'Bryant, III is an adult resident citizen of Jackson County, Mississippi.

2. Plaintiff Dax M. Pitalo is an adult resident citizen of the Jackson County, Mississippi.

3. Plaintiff Scott J. Walker is an adult resident citizen of Jackson County, Mississippi.

4. Plaintiff RRS Ventures, LLC is a resident Mississippi limited liability corporation with

its principal place of business in Jackson County, Mississippi.

EXHIBIT 3

5. Defendant Christopher R. Loepke is an adult resident citizen of Jackson County, Mississippi, who committed a tort and/or breached a contract in the State of Mississippi who may be served with process in the time and manner prescribed by law.

6. Defendant Apollo Aviation Company, Inc. is a Mississippi company with it principal place of business located at 4455 Hewes Avenue, Gulfport, Mississippi 39506, which is doing business in the State of Mississippi, and which committed a tort and/or breach of contract in the State of Mississippi, which can be served with process by service upon its registered agent for service of process, Christopher V. Loepke, located at 4455 Hewes Avenue, Gulfport, Mississippi 39506.

7. Defendants John and Jane Does A-G are individuals and/or entities who caused or contributed to the injuries and damages of the Plaintiffs, and each of them, but whose identities, and the scope of their liability, are presently unknown to the Plaintiffs. Plaintiffs will amend their Complaint to identity any and all John and Jane Doe Defendants and describe their liability, when their true identities, and liability, are ascertained.

## VENUE AND JURISDICTION

8. By reference, each of the preceding paragraphs are adopted and made part of the foregoing as if fully incorporated herein.

9. As at least one of the Defendants are resident citizens of Harrison County, Mississippi, First Judicial District, and upon information and belief substantial events that caused the Plaintiff injuries and damages occurred in Harrison County, Mississippi, First Judicial District, venue is proper in this Honorable Court.

10. The subject matter of this cause is within the jurisdiction of this Honorable Court.

## FACTS

2

11. By reference, each of the preceding paragraphs are adopted and made part of the foregoing as if fully incorporated herein.

12. On or about March 14, 2011, RRS Ventures, LLC purchased the subject Piper Cherokee 140, with registered tail number N7330J from Apollo Aviation. Apollo Aviation provided certification that the subject plane was airworthy. Based on this documentation and the representations of the Defendants, RRS Ventures, LLC, purchased the subject plane for the price of $29,000.00. In addition to selling the subject plane to RRS Ventures, LLC, based on knowledge and belief, Defendants were to provide maintenance service and pilot service, by and through Defendants' business, Apollo Aviation Company, Inc., to RRS Ventures, LLC, and its owners, including Plaintiff Scott J. Walker.

13. On or about March 18, 2011, Plaintiff Scott J. Walker contacted Defendant Christopher R. Loepke, as contracted, to schedule his services as a certified airline transport pilot to fly the subject plane from Ocean Springs, Mississippi to Destin, Florida on March 19, 2011 at approximately 2:00 p.m. At all material times hereto, Defendant Christopher V. Loepke, Jr. was in the course and scope of his employment with Defendant Apollo Aviation, Inc.

14. On or about March 19, 2011, Plaintiff Scott J. Walker contacted Defendant Christopher R. Loepke and provided information regarding the subject flight, including the weights of the potential passengers for the subject flight. Plaintiff Scott J. Walker advised that the passengers would include Plaintiff Scott J. Walker (195 lbs), Plaintiff Roy. T. O'Bryant, III (255 lbs.), Dax M. Pitalo (185 lbs.) plus luggage for each of the aforementioned passengers. Plaintiff Scott J. Walker specifically asked Defendant Christopher R. Loepke if the subject airplane had the capability to handle the passengers and luggage list above, including Defendant Christopher R. Loepke, and whether of not it was safe to take off from Ocean Springs Airport rather than Trent

3

Lott International Airport because of the short distance of the runway located at Ocean Springs Airport. Defendant Christopher R. Loepke specifically stated that he, as a certified airline transport pilot had "10,000 hours of flight experience; that he knew the plane; that the plane was in a proper airworthy condition; that the plane would easily handle the weight of the passengers and luggage from Ocean Springs to Destin; and that the Ocean Springs runway was plenty long enough." Based on these representations, Plaintiffs relied on the representations of Defendant Christopher R. Loepke and his employer and/or company Defendant Apollo Aviation, Inc.

15. At approximately 2:00 p.m. on March 19, 2011, Plaintiffs Roy T. O'Bryant, III, Dax M. Pitalo, and Scott J. Walker arrived at the Ocean Springs Airport for their flight to Destin, Florida. After the Plaintiffs arrived at Ocean Springs Airport, Defendant Christopher Ryan Loepke arrived.

16. Based on knowledge and belief, prior to the parties' arrival at Ocean Springs Airport, Defendant Christopher R. Loepke, piloted the subject airplane from Trent Lott International Airport in Pascagoula, Mississippi to the Ocean Springs Airport.

17. Prior to boarding the subject airplane, Defendant Christopher R. Loepke only asked Plaintiff Roy T. Obryant, III what was his weight. Plaintiff Dax M. Pitalo was never asked his weight. Each of the Plaintiffs had a luggage bag that weighed approximately 10-12 pounds. In addition, upon information and belief, Defendant Christopher R. Loepke had a luggage bag and laptop computer bag that weighed approximately 10-12 pounds and 5 pounds respectively. Prior to boarding the subject plane, Defendant Christopher R. Loepke was again asked whether or not the aircraft would safely fly carrying the weight of the passengers, pilot and cargo, to which Loepke responded "I have done the calculations and we are 35 pounds underweight."

4

18. In addition, based on knowledge and belief, Plaintiffs never witnessed Defendant Christopher R. Loepke conduct a pre-flight check of the aircraft, including but not limited to inspection of the wings of the aircraft, fuel of the aircraft, and other required activities.

19. After the parties boarded the aircraft, Defendant Christopher R. Loepke taxied the subject airplane into position for takeoff. During this time, Plaintiffs did not witness Defendant Christopher R. Loepke perform any activity or conduct any activities in compliance with a pre-flight checklist. Defendant Loepke was advised that the seat belts in the rear seats would not work. After being told that the seatbelts did not work, Defendant Christopher R. Loepke continued to prepare for takeoff.

20. Defendant Christopher R. Loepke powered the subject airplane toward takeoff, and immediately upon lift off, the stall alarms began to sound and the subject airplane began to have obvious difficulty maintaining flight. The subject airplane would not gain altitude and approached the pine trees located at the south end of the runway located at the Ocean Springs Airport. The subject airplane struck at least one pine tree as it headed toward the crash. The subject airplane crashed on a small street located to the south of the Ocean Springs airport removing at least one wing and causing extreme damage to the fuselage. Each of the Plaintiffs, as passengers in the subject airplane, were injured and caused damages to their person and body. Moreover, the subject Piper Cherokee 140, with registered tail number N7330J, was a total loss.

21. Based on knowledge and belief, the subject airplane, a 1968 Piper Cherokee 140 was significantly above the load capacity and below the performance capacities at the time of takeoff.

22. Based on information and belief, at all relevant times Defendant Apollo Aviation was a principal, co-principal, and/or employer of Defendant Christopher R. Loepke regarding the pilot services provided by him to the Plaintiffs. Further upon information and belief, Defendant

5

Apollo Aviation exercised control over the business operations, pilot operations, and all other details regarding Defendant Christopher R. Loepke's certified airline transport pilot services provided to the Plaintiffs.

## CAUSES OF ACTION

23. By reference, each of the preceding paragraphs are adopted and made part of the foregoing as if fully incorporated herein.

24. Based on knowledge and belief, Defendant Christopher R. Loepke, an employee of Defendant Apollo Aviation Company, Inc. at the time of the subject plane crash, was operating as a certified airline transport pilot. Defendant Christopher R. Loepke. had a duty to follow and obey all applicable FAA regulations and any and all polices and procedures of Defendant Apollo Aviation Company, Inc.; a duty to operate the subject airplane in a reasonable manner under the circumstances then and there existing; a duty to maintain a safe and proper aircraft, including but not limited to the operation of the subject airplane within its capabilities and performance specifications; and a duty not to endanger the safety of and/or injure others, including the Plaintiffs, and each of them, because of negligent, gross negligent, careless and/or reckless operation of the subject airplane.

25. Defendant Christopher R. Loepke, an employee of Apollo Aviation Company, Inc., acting within the course and scope of his employment, was at all times the pilot in command of the aircraft and had exclusive control of the subject airplane at the time he caused the violent plane crash. Defendant failed to follow and abide by his duties and obligations as a certified transport pilot to operate the subject airplane in a safe, prudent, proper, and observant manner. The negligent, grossly negligent, and/or reckless failure of Defendant to follow and/or abide by

6

his duties and obligations proximately caused and/or contributed to cause the Plaintiffs to suffer injuries and damages.

26. Defendants Apollo Aviation Company, Inc. and Christopher R. Loepke had a duty to provide a safe certified transport pilot as contracted with Plaintiffs and supervise said certified transport pilot in the use and transport in the subject airplane. Based on knowledge and belief, Defendant negligently and/or grossly negligently failed to provide a safe certified transport pilot and failed to supervise said certified transport pilot as contracted with Plaintiff in the use and transport in the subject plane. Defendant's failure to provide a safe certified transport pilot and failure to supervise said certified transport pilot as contracted with Plaintiffs in the use and transport in the subject airplane caused and/or substantially contributed to cause the Plaintiffs to suffer injuries and damages.

27. Defendant Apollo Aviation Company, Inc. had a duty to hire, employ, train, supervise, entrust, and retain skillful and competent employees to operate aircraft as a certified airline transport pilots when providing pilot services to individuals and business such as the Plaintiffs. Based on knowledge and belief, Defendant negligently and/or grossly negligently failed to hire, employ, train, supervise, entrust, and retain skillful and competent employees to operate aircraft as certified transport pilots in providing pilot services to individuals and businesses such as the Plaintiffs. Defendant's failure to hire, employ, train, supervise, entrust, and retain skillful and competent employees to operate aircraft as certified transport pilots in providing pilot services to individuals and businesses caused and/or substantially caused the Plaintiffs to suffer injuries and damages.

## DAMAGES

7

28. By reference, each of the preceding paragraphs are adopted and made part of the foregoing as if fully incorporated herein.

29. As a direct and proximate result of the Defendants' negligence and/or gross negligence, as set forth above, Plaintiff sustained and suffered the following:

    a.  Severe physical injuries;

    b.  Extreme physical pain;

    c.  Extreme mental anguish and emotional distress;

    d.  Months of medical treatment and therapy;

    e.  Past and future medical expenses, including but not limited to expenses for hospital bills, doctors care, treatment, and medication;

    f.  Lost wages;

    g.  Loss of wage earning capacity;

    h.  Physical pain, nervous shock, continued mental anguish and emotional distress suffered by the Plaintiffs since the date of the subject wreck, and will suffer indefinitely in the future from recurrent pain and discomfort from the physical and emotional injuries they suffered in the subject wreck;

    i.  Further economic damages of the Plaintiffs for certain expenditures and obligations for medical treatment, medical care, rehabilitative treatment, and other related care. Plaintiffs are informed and believe that it will be necessary for them in the future to expend future sums for medical care and attention. The exact amount of all such expenses and obligations so incurred by the Plaintiff in the future cannot be presently ascertained;

    j.  Loss of enjoyment of life;

8

k.  Permanent disability;

l.  Permanent partial disability;

m.  Disfigurement;

n.  Property Damage as to the total loss of the subject Piper Cherokee 140, with registered tail number N7330J;

o.  Other damages and injuries to shown at the trial of this matter.

30. As a direct and proximate result of the Defendants' negligence and/or gross negligence, as set forth in each of the preceding paragraphs, Plaintiffs are entitled to, and demand from the Defendants the following damages;

a.  Any and all damages set forth in the preceding paragraphs;

b.  Medical expenses, past and future;

c.  Lost Wages, past and future;

d.  Compensatory damages;

e.  Incidental damages;

f.  Punitive damages;

g.  Pre and post judgment interest in an amount not less than 8% per year;

h.  Any and all additional damages deemed allowable by this Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray this Complaint be received and filed, and that upon trial by Jury of this cause, judgment be entered against the Defendants, and each of them, for any and all damages, to which the Plaintiffs are entitled, in an amount to be determined by the Jury. Plaintiffs further pray they be awarded pre-judgment interest and post-judgment interest in the amount no less then 8% per annum, and/or such amount as is determined

9

by the Court; any and all fees and costs of litigation; and all such relief to which he may be entitled.

Respectfully submitted this the ___ day of August, 2011.

ROY T. O'BRYANT, III;
DAX M. PITALO;
SCOTT J. WALKER; and
RRS VENTURES, LLC

BY: _____
CLYDE H. GUNN, III, (MSB #5074)
W. CORBAN GUNN (MSB #101752)
DAVID N. HARRIS, JR. (MSB100790)

CORBAN·GUNN·VAN CLEAVE LAW FIRM
P.O. Drawer 1916
Biloxi, MS 39533-1916
Telephone: (228) 432-7826
Facsimile: (228) 456-0998
corban@cgvclaw.com
david@cgvclaw.com

10